# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REX A. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-00023-JAR |
| ) | |
| DEON KELLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Rex A. Cook for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement in support of his motion. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual

2

allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently an inmate at the Algoa Correctional Center in Jefferson City, Missouri. At the time relevant to this complaint, however, he was incarcerated at the Phelps County Jail in Rolla, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming Nurse Deon Kelley and Sheriff Richard Lisenbee as defendants. (Docket No. 1 at 2-3). Both defendants are sued in their individual capacities only.

Plaintiff alleges that on July 1, 2018, he caught a staph infection from other inmates at the Phelps County Jail, causing sores. (Docket No. 1 at 4). He was prescribed a medication called Bactrim. According to plaintiff, the medication caused side effects, including: headaches;

3

scarring; difficulty swallowing; and discoloration, numbness, and peeling skin in his "private areas." He states that he was denied further treatment. (Docket No. 1 at 5).

Plaintiff claims that Nurse Kelley "failed to provide proper care." He further alleges that Sheriff Lisenbe failed to "look into" his grievances and condition, and failed to "look into" his staff. (Docket No. 1 at 4).

Plaintiff seeks $1.5 million in actual damages and $500,000 in punitive damages. (Docket No. 1 at 6). He also wants Phelps County Jail to pay for his treatment, medical bills, and therapy. He requests a letter of apology. Finally, he seeks to have Nurse Kelley's "license…to practice medicine" revoked.

## Discussion

Plaintiff alleges that defendant Kelley was deliberately indifferent to his medical needs in improperly treating his staph infection. He further claims that defendant Lisenbe failed to properly look into his grievances and supervise his staff. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court must dismiss plaintiff's complaint for failure to state a claim.

### A. Defendant Kelley

Plaintiff alleges that Nurse Kelley failed to provide proper medical care to him while he was at the Phelps County Jail. This allegation fails to state a claim.

The government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).[1]

---

[1] In his complaint, plaintiff asserts that he is a convicted and sentenced state prisoner. (Docket No. 1 at 2). However, plaintiff was being held at the Phelps County Jail when these events allegedly occurred, and it is not entirely clear

4

Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff asserts that Nurse Kelley violated his constitutional rights by treating his staph infection with Bactrim, which in turn caused him serious side effects. These facts do not establish that Nurse Kelley knew of and disregarded his medical needs. To the contrary, Nurse Kelley treated plaintiff's infection with an antibiotic, and there is no indication that she delayed this treatment in any way. Plaintiff suggests Nurse Kelley's course of treatment was wrong, because the medication had side effects. A disagreement over treatment decisions, though, does not constitute deliberate indifference. Even if plaintiff's complaint is interpreted to allege that Nurse Kelley should not have prescribed Bactrim based on its side effects, plaintiff has still failed to state a claim. At most, such an interpretation amounts to negligence or medical malpractice, neither of which is constitutionally actionable. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (stating that "deliberate indifference requires a highly culpable state of mind approaching intent," and that negligence or inadvertence does not rise to that level); and *Popoalii*

---

whether he was a pretrial detainee or a convicted prisoner at that time. The Court notes that even if plaintiff was a pretrial detainee, his medical claims would be analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

5

*v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment). Therefore, plaintiff's claim against Nurse Kelley must be dismissed.

**B. Defendant Lisenbe**

Plaintiff alleges that defendant Lisenbe failed to look into his grievances and failed to supervise his staff. This allegation fails to state a claim.

First, plaintiff's grievance claim must fail because an inmate has a liberty interest in the nature of his confinement, but not an interest in the procedures by which it is determined he can best be confined. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). To that end, a grievance procedure is a procedural right only, and does not confer a substantive right on an inmate. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). As the Phelps County Jail's grievance procedure does not create a substantive right, Sheriff Lisenbe's alleged failure to "look into" plaintiff's grievances does not establish a constitutional violation.

Next, plaintiff's claim of supervisor liability must fail because plaintiff does nothing more than state the elements of a cause of action. Vicarious liability is inapplicable to § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018). As such, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional

6

violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

The standard used to determine liability for failure to train is deliberate indifference. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). To show deliberate indifference, a plaintiff must prove that the defendant had notice that the procedures were inadequate and likely to result in a violation of constitutional rights. *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). *See also Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) ("A supervisor may be liable under § 1983 if he (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts").

Here, plaintiff does not allege that Sheriff Lisenbe was personally responsible for any improper medical care. Rather, he states that Sheriff Lisenbe failed to "look into his...staff." This unsupported statement does nothing more than state the elements of a cause of action, which is insufficient to support a claim that Sheriff Lisenbe failed to train his staff. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). Specifically, there is no indication that Sheriff Lisenbe received notice of any pattern of unconstitutional acts committed by his subordinates, and certainly no allegation that he was deliberately indifferent to or authorized those acts. Furthermore, a defendant who lacks professional medical expertise cannot be liable for a wrongful diagnostic judgment made by a medical provider. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995); and *Crooks v.*

7

*Nix*, 872 F.2d 800, 803 (8th Cir. 1989). Therefore, plaintiff's claims against defendant Lisenbe must be dismissed.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of April, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE