UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REX A. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-00023-JAR |
| ) | |
| DEON KELLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Rex A. Cook's motion for reconsideration or, in the alternative, motion for leave to amend his complaint. (Docket No. 10). For the reasons discussed below, the motions will be denied.

### Background

Plaintiff filed this instant action, along with a motion for leave to proceed in forma pauperis, on January 4, 2019. (Dockets No. 1 and 2). He later filed a motion for appointment of counsel, as well. (Docket No. 3). On April 23, 2019, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e). (Docket No. 7). The Court granted plaintiff's motion for leave to proceed in forma pauperis and dismissed the complaint for failure to state a claim. Plaintiff's motion for appointment of counsel was denied as moot.

### Plaintiff's Motion

On May 3, 2019, plaintiff filed a motion for reconsideration or, in the alternative, a motion to amend. (Docket No. 10). In the motion, plaintiff states that his original complaint should have been reviewed with liberal construction. (Docket No. 10 at 1). He further states that in drafting his complaint, he "was using the assistance of another individual due to his lack of

knowledge of law." (Docket No. 10 at 2). After conceding that he did not "properly allege the facts and claims," he requests that the Court grant him leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

Plaintiff states that his amended complaint will properly allege "facts and claims" against defendant Deon Kelly, in that she "continued to administer Bactrim after being told of the side effects and allergic reactions" caused by the medication. He asserts that this will prove a violation of the Fourteenth Amendment. (Docket No. 10 at 4). Plaintiff further contends that the amended complaint will also allege that defendant Richard Lisenbe "was a supervisor and on actual notice of the inadequate medical care and allowed plaintiff to continue receiving Bactrim after being informed of the side effects and allergic reaction."

Plaintiff requests that this Court reconsider its earlier decision or grant him leave to amend his complaint. No proposed amended complaint has been submitted.

## Discussion

Plaintiff has filed a motion asking the Court to reconsider its order of April 23, 2019, dismissing his complaint without prejudice for failure to state a claim. Alternatively, he seeks leave from the Court to file an amended complaint. For the reasons discussed below, the Court must deny plaintiff's motions.

### A. Motion to Reconsider

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. His complaint alleged that defendant Kelley was deliberately indifferent to his medical needs in improperly treating his staph infection and that defendant Lisenbe failed to properly look into his grievances and supervise his staff. After reviewing the complaint, the Court determined that plaintiff had failed to state a claim against either defendant.

2

Plaintiff now asks the Court to reconsider its decision. In the motion, he clarifies that at the relevant time, he was a pretrial detainee at the Phelps County Jail. He alleges that Nurse Kelly continued to administer Bactrim even after being told of the medication's side effects and his allergic reaction. He further alleges that Sheriff Lisenbe "was a supervisor and on actual notice of the inadequate medical care and allowed [him] to continue receiving Bactrim." Nothing in plaintiff's motion convinces the Court that reconsideration is warranted.

i. **Nurse Kelley**

As a pretrial detainee, plaintiff's constitutional rights are governed by the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

To prevail on an Eighth Amendment claim of deliberate indifference to medical needs, a plaintiff must prove that he suffered from an objectively serious medical need and that prison officials actually knew of and disregarded those needs. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). To that end, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). As such, mere negligence or inadvertence does not rise to the level of deliberate indifference. *Id. See also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment); and

3

*McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009) ("Negligent misdiagnosis does not create a cognizable claim under § 1983").

Plaintiff's allegations, including the allegations in his motion, do not demonstrate that Nurse Kelley's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Moreover, the allegation that plaintiff advised Nurse Kelley of the side effects does not, by itself, establish "a highly culpable state of mind approaching actual intent." Rather, assuming plaintiff's facts are true, he has at most established negligence or medical malpractice. Such claims do not demonstrate a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Thus, plaintiff's motion to reconsider the dismissal of his claim against Nurse Kelley must be denied.

### ii. Sheriff Lisenbe

Vicarious liability is inapplicable to § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018). As such, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

The standard used to determine liability for failure to train is deliberate indifference. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). To show deliberate indifference, a plaintiff must prove that the defendant had notice that the procedures were inadequate and likely to result in a violation of his constitutional rights. *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). *See also Rogers v. King*, 885

4

F.3d 1118, 1122 (8th Cir. 2018) ("A supervisor may be liable under § 1983 if he (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts").

In its April 23, 2019 order, the Court noted that there was no indication that Sheriff Lisenbe received notice of any pattern of unconstitutional acts committed by his subordinates, and certainly no allegation that he was deliberately indifferent to or authorized those acts. Plaintiff now asserts in his motion that Sheriff Lisenbe had "actual notice of the inadequate medical care" and allowed plaintiff to continue receiving Bactrim. This still fails to state a claim.

Plaintiff's allegation in his motion that Sheriff Lisenbe had "actual notice" is simply an unsupported conclusion. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). Furthermore, there are no facts to establish Sheriff Lisenbe's responsibility for providing plaintiff medical care. That is, plaintiff does not demonstrate that Sheriff Lisenbe, who is not a medical care provider, has the ability to overrule diagnostic judgments made by medical professionals. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995); and *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir. 1989). Thus, plaintiff's motion to reconsider the dismissal of his claim against Sheriff Lisenbe must be denied.

### B. Motion to Amend

Plaintiff alternatively requests that the Court grant him leave to amend his complaint. As plaintiff notes, such leave should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the Court must deny the motion as futile.

Plaintiff has not submitted a proposed amended complaint along with his motion. However, he does include supplemental allegations against defendants Kelley and Lisenbe that

he states properly alleges claims against them. As discussed above, though, the additional allegations in the motion do not cure the deficiencies of the complaint. That is, even with the additional facts, he has still not stated a claim of deliberate indifference against Nurse Kelley, or a claim of supervisory liability against Sheriff Lisenbe. Because allowing plaintiff to amend the complaint would be futile, the motion must be denied. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to amend and a court may deny the motion based upon a finding of...futility"); *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) ("[T]here is no absolute right to amend and a finding of...futility of the amendment may be ground to deny a motion to amend"); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (stating that district court was justified in denying plaintiff's leave to amend because the "complaint, as amended, could not withstand a motion to dismiss").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration or, in the alternative, motion for leave to amend his complaint (Docket No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of this motion would not be taken in good faith.

Dated this 7th day of May, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE